# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MOLLY CASHIOLA | * | Case No: |
| c/o Ciano & Goldwasser, LLP | * | |
| ETON Tower | * | |
| 28601 Chagrin Blvd., Suite 250 | * | |
| Beachwood, OH  44122 | * | Judge: |
| | * | |
| and | * | |
| | * | |
| ANDREA BROCK | * | |
| c/o Ciano & Goldwasser, LLP | * | |
| ETON Tower | * | |
| 28601 Chagrin Blvd., Suite 250 | * | |
| Beachwood, OH  44122 | * | |
| | * | |
| and | * | |
| | * | |
| MORGAN PERKINS-PAYNE | * | |
| c/o Ciano & Goldwasser, LLP | * | |
| ETON Tower | * | |
| 28601 Chagrin Blvd., Suite 250 | * | |
| Beachwood, OH  44122 | * | |
| | * | |
| *On Behalf of Themselves and All* | * | |
| *Other Similarly Situated Individuals* | * | |
| | * | |
| PLAINTIFFS[1], | * | |
| | * | |
| v. | * | |
| | * | |
| MIRAGE 1245 LTD | * | |
| D/B/A CLUB 1245 | * | |
| c/o Registered Agent: | * | |
| 800 Leader Service Corp | * | |
| 526 Superior Avenue East, Suite 800 | * | |
| Cleveland, Ohio 44114 | * | |
| | * | |
| and | * | |
| | * | |
| SKIPPER 1339, LLC | * | |
| d/b/a JEN'S DEN | * | |
| c/o Registered Agent: | * | |

---

[1] To avoid retaliation, Plaintiffs have used the address of their counsel.

| | |
|---|---|
| Joseph K. Oldham, Esq.<br>1958 S Main St.<br>Akron, Ohio 44308<br><br>and<br><br>CYRUS B KURTZ, III<br>1818 Barlow Road<br>Hudson, Ohio 44236<br><br>DEFENDANTS. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CLASS AND COLLECTIVE ACTION COMPLAINT

1. Plaintiffs Molly Cashiola ("Cashiola"), Andrea Brock ("Brock"), and Morgan Perkins-Payne ("Payne"), on behalf of themselves and all others similarly situated, bring this collective and class action against Defendants Mirage 1245 LTD d/b/a Club 1245 ("Club 1245"), Skipper 1339, LLC d/b/a Jen's Den ("Jen's Den"), and Cyrus B Kurtz, III, individually ("Kurtz") (all Defendants referred to collectively as "Defendants") seeking unpaid wages and statutory damages under the federal Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, et seq. and the Ohio Minimum Fair Wage Standards Act ("OMWA")

2. The class and collective is composed of female employees who, during the relevant time period of April 2016 through the date of judgment in this case ("the relevant period"), worked as exotic dancers for Defendants or Defendants' predecessor entities and were denied their fundamental rights under applicable state and federal laws.

3. Specifically, Plaintiffs complain that Defendants and/or their predecessor entities doing business as Club 1245 and/or Jen's Den (or under predecessor names) misclassified Plaintiffs and all other members of the class and collective as "independent contractors" when then should have been classified as "employees."

2

4. As a result, Defendants failed to pay Plaintiffs and all other members of the class and collective minimum wage compensation they were entitled to under the FLSA and OMWA.

5. Plaintiffs bring this class and collective action against Defendants seeking damages, back-pay, restitution, liquidated damages, prejudgment interest, reasonable attorney's fees and costs, and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## PARTIES AND JURISDICTION

6. Plaintiffs are each adult residents of the State of Ohio.

7. Each Plaintiff hereby affirms her consent to participate as a plaintiff and class representative in a class and collective action under the FLSA and the OMWA.

8. Club 1245 is a limited liability business entity formed in the State of Ohio that operates as a gentlemen's club featuring female exotic dancers in Akron, Ohio.

9. Jen's Den is a limited liability company formed under the laws of the State of Ohio that operates as a gentlemen's club featuring female exotic dancers in Akron, Ohio.

10. During the relevant period, each Plaintiff was employed and otherwise danced continuously and substantially as female exotic dancers at both Jen's Den and Club 1245.

11. At all times during the relevant period, both Jen's Den and Club 1245 were substantially owned and operated by Kurtz.

12. At all times during the relevant period, Kurtz, individually, controlled, operated, and otherwise administered the business operations of Jen's Den and Club 1245.

13. At all times during the relevant period, Kurtz, individually, was the primary owner of Jen's Den and Club 1245.

14. At all times relevant, Kurtz, individually, had the power to set and control the rules,

regulations, and operational policies and procedures at Jen's Den and Club 1245.

15. At all times relevant, Kurtz, individually, decided or substantially participated in the decision to misclassify Plaintiffs and other female exotic dancers at Jen's Den and Club 1245 as independent contractors rather than as employees.

16. At all times relevant, Kurtz, individually, had the power to set or modify the work schedule and/or work duties of Plaintiffs and other female exotic dancers and other employees at Jen's Den and Club 1245.

17. At all times relevant, Kurtz, individually, was in charge of keeping and maintaining all employment records for Plaintiffs and other female exotic dancers and other employees at Jen's Den and Club 1245.

18. During the period relevant, Jen's Den, Club 1245, and Kurtz, individually, qualified as the employers, joint employers, single enterprise employer, and/or integrated enterprise employer for Plaintiffs and all other female exotic dancers at Jen's Den and Club 1245, within the meaning of the FLSA and OMWA.

19. During the relevant period, Defendants had gross revenue and sales exceeding $500,000.00, sold beer, wine, spirituous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

20. This Court has personal jurisdiction over Defendants, has "federal question" subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331, has supplemental jurisdiction over the interrelated OMWA state law claims, and proper venue pursuant to 28 U.S.C. § 1391.

## FACTS

21. Cashiola was employed by Defendants as a female exotic dancer at Jen's Den and Club 1245 for the period of about October 2016 through about November 2017.

22. Brock was employed by Defendants as a female exotic dancer at Jen's Den and Club 1245 for the period of about April 2017 through about December 2018.

23. Payne was employed by Defendants as a female exotic dancer at Jen's Den and Club 1245 for the period of about January 2015 through about December 2017.

24. During the period of Plaintiffs' employment, the number of shifts each Plaintiff worked varied from week to week.

25. During the period of Plaintiffs' employment, the exact number of hours each Plaintiff worked varied from week to week.

26. On information and belief, Defendants have possession of time and/or sign in "house fee" payment records for Plaintiffs and all other exotic dancers employed by Defendants at Jen's Den and Club 1245.

27. At all times, Defendants had actual knowledge of all hours each Plaintiff and all other exotic dancers worked each shift at Jen's Den and Club 1245 through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising Plaintiffs' work duties and the work duties of other exotic dancers at each club.

28. At no time during Plaintiffs' period of employment did Defendants ever pay Plaintiffs or any other exotic dancers any wages for hours that Plaintiffs and other exotic dancers worked each week at Jen's Den and Club 1245.

29. At all times relevant, Defendants totally failed to pay wages or any kind of compensation to Plaintiffs and all other exotic dancers for work duties performed.

30. At all times relevant, Defendants misclassified Plaintiffs and all other exotic dancers at Jen's Den and Club 1245 as independent contractors when these individuals should have been classified under the FLSA and OMWA as employees.

5

31. At all times, Defendants controlled all aspects of the job duties of Plaintiffs and all other exotic dancers at Jen's Den and Club 1245 through employment rules and workplace policies.

32. At all times, Defendants controlled the method by which Plaintiffs and all other exotic dancers could earn money at Jen's Den and Club 1245 by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

33. At all times, Defendants required Plaintiffs and other exotic dancers to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendants.

34. Defendants hired Plaintiffs and all other exotic dancers and had the ability to discipline them, fine them, fire them, and adjust their work schedules.

35. Defendants, through supervisors and managers, supervised the work duties of Plaintiffs and all other exotic dancers to make sure their job performance was of sufficient quality.

36. Defendants conducted initial interviews and vetting procedures for Plaintiffs and other exotic dancers and, at the sole discretion of Jen's Den and Club 1245, the clubs' management and/or ownership could deny any Plaintiff or any other dancer access or ability to dance and/or work at Jen's Den and Club 1245.

37. At all times, Defendants had the right to suspend or send Plaintiffs or other exotic dancers home and away from Jen's Den and Club 1245 if Plaintiffs or other dancers violated rules or policies or if the ownership or management of Jen's Den and Club 1245, at their discretion, did not want Plaintiff or any other dancer at Jen's Den or Club 1245.

38. As a condition of employment with Defendants, Plaintiffs and other dancers were not required to have or possess any requisite certification, education, or specialized training.

39. At all times relevant, Defendants were in the business of operating night clubs featuring exotic dancers and at all times it was the job duty of Plaintiffs and each other exotic dancer to perform as exotic dancers for the clubs' customers.

40. In addition to failing to pay Plaintiffs and all other exotic dancers any wages for hours worked, Defendants required Plaintiffs and all other exotic dancers to pay the clubs or their ownership or management a house fee or kickback of $15.00-$50.00 or more for each shift Plaintiffs and the other exotic dancers worked.

41. At all times during the relevant period, without legal excuse or justification, Defendants regularly and customarily kept and/or assigned to management (or other non-customarily tipped employees) tips and gratuities Plaintiffs and other exotic dancers received from customers.

42. For at least the past twenty (20) years, gentlemen's clubs like Jen's Den and Club 1245 have been publicly sued for misclassifying exotic dancers as independent contractors and failing to pay minimum wage compensation to exotic dancers as required by the FLSA and state wage and hour laws.

43. On information and belief, Defendants had actual or constructive knowledge that for at least the past twenty (20) years, there have been ongoing or past litigation by exotic dancers against gentlemen's clubs like Jen's Den and Club 1245 in which the exotic dancers challenged the so-called independent contractor classification and otherwise sought to recover unpaid wages and damages under the FLSA state wage and hour laws.

44. On information and belief, Defendants had actual or constructive knowledge that for at least the past twenty (20) years, courts in Ohio and across the country in ongoing or past litigation have found that exotic dancers like Plaintiffs and other exotic dancers at Jen's Den and Club 1245 were employees and not independent contractors and were owed minimum wage

compensation under the FLSA and the OMWA.

45. For the entire time period relevant to this action, Defendants have had actual or constructive knowledge the club misclassified Plaintiffs and other exotic dancers at Jen's Den and Club 1245 as independent contractors instead of as employees and that Defendants' failure to pay wages and charging unlawful kickbacks to Plaintiffs and other exotic dancers was in direct violation of the FLSA and the OMWA.

## CLASS ALLEGATIONS

46. Plaintiffs brings this action individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

47. The Rule 23 Class is defined in this matter as all individuals, who at any time during the relevant time period, worked as an exotic dancer at Jen's Den and Club 1245, but were designated as an independent contractor and therefore, were not paid minimum wage compensation as required by the OMWA (hereinafter, "the Class").

48. On information and belief, the Class are believed to exceed fifty (50) current and former exotic dancers at Jen's Den and Club 1245 and are therefore so numerous that joinder of all members is impracticable.

49. There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members, including, but not limited to:

    i.    Whether Defendants violated the OMWA by misclassifying all exotic dancers at Jen's Den and Club 1245 as "independent contractors," as opposed to employees, and not paying them any minimum wages;

    ii.    Whether Defendants unlawfully required class members to split their tips with Defendants and their predecessor entities;

  iii. Whether the monies given to dancers by patrons when they perform private and semi-private dances are gratuities or "service fees."

  iv. Whether Defendants violated the OMWA; and

  v. The amount of damages and other relief (including statutory liquidated damages) Plaintiffs and the Class are entitled to.

50. Plaintiffs' claims are typical of those of the Class.

51. Plaintiffs, like other members of the Class, was misclassified as an independent contractor and denied their rights to wages and gratuities under the OMWA.

52. Defendants and their predecessor entities misclassification of Plaintiffs was done pursuant to a common business practice which affected all Class members in a similar way.

53. The named Plaintiffs and the undersigned counsel are adequate representatives of the Class.

54. Given Plaintiffs' loss, Plaintiffs have the incentive and is committed to the prosecution of this action for the benefit of the Class.

55. Plaintiffs have no interests that are antagonistic to those of the Class or that would cause them to act adversely to the best interests of the Class.

56. Plaintiffs have retained counsel experienced in class and collective actions and, in particular, litigation of wage and hour disputes.

57. This action is maintainable as a class action under Fed. R. Civ .P. 23(b)(1), 23(b)(2), and 23(c)(4) because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants.

58. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because

questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

## COLLECTIVE ACTION ALLEGATIONS

59. Plaintiffs are pursuing this lawsuit as a collective action under FLSA Section 216(b) on behalf of themselves and all other similarly situated individuals who at any time during the relevant time period worked for Defendants or their predecessor entities as an exotic dancer at Jen's Den or Club 1245 and was designated as an independent contractor and was not paid minimum wage compensation as required by the FLSA (hereinafter, "the Collective").

60. Plaintiffs and the members of the Collective are similarly situated because each were (1) improperly classified as independent contractors; (2) were not paid any wages by Defendants for hours worked; (3) were victims of tip theft whereby Defendants kept and/or assigned to management their tips and gratuities received from customers; (4) were required to pay per-shift house fee kickback to Defendants for each shift worked; and (5) were not paid wages at or above the Federal Minimum Wage of $7.25 for each hour worked.

61. Plaintiffs' damages are substantially similar to other members of the Collective because, under the FLSA, each are owed (1) a return of all house fee kickback payments made to Defendants for each shift worked; (2) reimbursement of all tips and gratuities taken and/or assigned by Defendants and/or Defendants' management or non-customarily tipped employees; (3) payment for all hours worked in an amount equal to the Federal Minimum Wage of $7.25 per hour; plus (4) statutory liquidated damages as provided by Federal law for Defendants' failure to pay minimum wage compensation as required by the FLSA.

62. On information and belief, Defendants have employed at least fifty (50) current and

former exotic dancers at Jen's Den and Club 1245 in the past three (3) years.

63. On information and belief, Defendants are in custody, possession, and control of identifying records relating to all current and former exotic dancers employed by Defendants at Jen's Den and Club 1245 in the past three (3) years.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FLSA
(Failure to Pay Statutory Minimum Wages)

64. Plaintiffs hereby incorporate all of the preceding paragraphs by reference as if fully set forth herein.

65. The FLSA required Defendants to pay Plaintiffs and other similarly situated exotic dancers at an hourly rate at least equal to the Federal Minimum Wage.

66. The FLSA required that Defendants allow Plaintiffs and other similarly situated exotic dancers to keep all tips and gratuities received from customers.

67. As set forth above, Defendants failed to pay Plaintiffs and other similarly situated exotic dancers at hourly rates in compliance with the FLSA Federal Minimum Wage requirements.

68. Without legal excuse or justification, Defendants kept and/or assigned to management or other non-customarily tipped employees tips and gratuities received by Plaintiffs and other exotic dancers and belonging to Plaintiffs and other exotic dancers.

69. Defendants' failure to pay Plaintiffs and other similarly situated exotic dancers as required by the FLSA was willful and intentional and was not in good faith.

### COUNT II
### VIOLATION OF OHIO MINIMUM WAGE LAW OF 1964
(Failure to Pay Statutory Minimum Wage)

70. Plaintiffs hereby incorporate all of the preceding paragraphs by reference as if fully set

11

forth herein.

71. The OMWA required Defendants to pay Plaintiffs and other similarly situated exotic dancers at an hourly rate at least equal to the Ohio Minimum Wage.

72. The MMWHL required that Defendants allow Plaintiffs and other similarly situated exotic dancers to keep all tips and gratuities received from customers.

73. As set forth above, Defendants failed to pay Plaintiffs and other similarly situated exotic dancers at hourly rates in compliance with Ohio Minimum Wage requirements.

74. Without legal excuse or justification, Defendants kept and/or assigned to management or other non-customarily tipped employees tips and gratuities received by Plaintiffs and other exotic dancers and belonging to Plaintiff and other exotic dancers.

75. Defendants' failure to pay Plaintiffs and other similarly situated exotic dancers as required by the OMWA was willful and intentional and was not in good faith.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs, individually and on behalf of those similarly situated, prays for relief as follows:

A. Permitting Plaintiffs' Class claims under the OMWA to proceed as a Class Action under Federal Rule of Civil Procedure 23;

B. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

C. Judgment against Defendants for failing to pay free and clear minimum wage compensation to Plaintiffs and other similarly situated individuals as required by the OMWA;

D. Judgment against Defendants for failing to pay free and clear minimum wage

compensation to Plaintiffs and other similarly situated individuals as required by the FLSA;

     E.  Judgment against Defendants for unlawfully taking and/or assigning tips and gratuities belonging to Plaintiffs and other similarly situated individuals;

     F.  Judgment that Defendants' violations of the OMWA minimum wage requirements were not the product of good faith on the part of Defendants;

     G.  Judgment that Defendants' violations of the FLSA minimum wage requirements were not the product of good faith on the part of Defendants;

     H.  Judgment that Defendants' violations of the OMWA minimum wage requirements were willful;

     I.  Judgment that Defendants' violations of the FLSA minimum wage requirements were willful;

     J.  An award to Plaintiffs and those similarly situated in the amount of all free and clear unpaid wages found to be due and owing to Plaintiffs and each similarly situated individual;

     K.  An award to Plaintiffs and those similarly situated in the amount of all tips and gratuities unlawfully taken and/or assigned by Defendants or its management or non-customarily tipped employees;

     L.  An award of statutory liquidated damages in amounts prescribed by the OMWA;

     M.  An award of statutory liquidated damages in amounts prescribed by the FLSA;

     N.  An award of attorneys' fees and costs to be determined by post-trial petition;

     O.  Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

     P.  Such further relief as may be necessary and appropriate.

Respectfully submitted,

Dated: April 25, 2019                   CIANO & GOLDWASSER, LLP

*/s/Andrew S. Goldwasser*
Andrew S. Goldwasser (#0068397)
Phillip A. Ciano  (#0066134)
ETON Tower
28601 Chagrin Blvd., Suite 250
Beachwood, OH  44122
 (216) 658-9900 – Telephone
(216( 658-9920 – Facsimile
E-mail: asg@c-g-law.com
E-mail: pac@c-g-law.com


ZIPIN, AMSTER, & GREENBERG, LLC

*/s/ Gregg C. Greenberg*
Gregg C. Greenberg (MD Fed. Bar No. 17291)
(To Be Admitted Pro Hac Vice)
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email:  GGreenberg@ZAGFirm.com

*Counsel for Plaintiffs and the Class / Collective*

14